IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAYLOR SWIFT | ) | |
| | ) | |
| v. | ) | No. 3-09-0442 |
| | ) | |
| MALCOLM MATTHEWS; RENEE SUSAN MITCHELL; LOUIS MOORE; MARTIN D. QUATTLEBAUM; MARSHA DYONNE TYLER; BRENDAN SCHIFF; MELLISSA LIEBERMAN; EDWARD FRIEDMAN; KENNETH JOHNSON; ROBERT VINCENT ESTRONZA; TAIEF HASSON WALLACE; VANCE HILL; VERNANDO SMITH; ANDRE ANTHONY JONES; FRANK PARSONS; WILBERT G. PRINCE; CARLO PONTI SMITH; MERVIN A. BROWN; ERIC LOPP; JEFFREY L. WATKINS; DENNIS LANE WEAVER; KILO JAMES; TYRONE "PIGGY" SQUIRES; BURRELL DICKERSON; and BRAULIO RIVIERA | ) | |

O R D E R

Pending before the Court is the plaintiff's motion for an order of destruction of counterfeit goods (Docket Entry No. 125) seized from any unidentified defendants and from defendants Malcolm Matthews, Renee Susan Mitchell, Louis Moore, Marsha Dyonne Tyler, Mellissa Lieberman, Edward Friedman, Kenneth Johnson, and Taief Hasson Wallace.

The Clerk is directed to forward the file in this case to the Honorable Thomas A. Wiseman, Jr. for his consideration of the plaintiff's motion.

By agreed judgment and permanent injunction entered August 28, 2009 (Docket Entry No. 53), the plaintiff's claims against defendant Brendan Schiff were resolved and defendant Schiff was terminated as a defendant by order entered August 2, 2010 (Docket Entry No. 87). On September 27, 2010, an order of default judgment, permanent injunction and order of destruction of counterfeit goods was entered against defendants Martin D. Quattlebaum, Robert Vincent

Estronza, Vance Hill, Vernando Smith, Andre Anthony Jones, Frank Parsons, Wilbert G. Prince, Carlo Ponti Smith, Mervin A. Brown, Eric Lopp, Jeffrey L. Watkins, Dennis Lance Weaver, Kilo James, Tyrone "Piggy" Squires, Burrell Dickerson, and Braulio Riviera (Docket Entry No. 109), those defendants who had been served with process and against whom the Clerk entered default on September 13, 2010 (Docket Entry No. 93). Therefore, it appears that, after a ruling on the instant motion, there will be no further matters to be addressed by the Court and the case can be dismissed.

As a result, unless otherwise directed by the Court or upon motion of the parties, there will be no further proceedings before the Magistrate Judge in this case.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

2